KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Alice Iseghohimen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alice Iseghohimen,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Regional Adjustment Bureau, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Alice Iseghohimen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Alice Iseghohimen (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Regional Adjustment Bureau, Inc. (hereafter "Regional"), is a company with an address of 7000 Goodlett Farms Parkway, Memphis, Tennessee 38016, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Regional and whose identities are currently unknown to the Plaintiff. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Regional at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $8,500.00 dollars (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Regional for collection, or Regional was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Regional Engages in Harassment and Abusive Tactics

12. Within the last year, Regional contacted Plaintiff in an attempt to collect the alleged Debt.

13. On May 11, 2012, Regional placed a call to Plaintiff's cellular phone, and Plaintiff's son answered the phone.

14. Regional asked Plaintiff's son if Plaintiff was there. Plaintiff's son replied "yes" and handed the phone to Plaintiff.

15. Regional asked Plaintiff if the person who picked up the phone call was Plaintiff's boss, Ruben.

16. Plaintiff asked Regional what the call was regarding.

17. Regional repeated, "Oh, that was your boss Ruben, isn't that right Alice? You are Alice, right?"

18. Plaintiff asked Regional again for their identity.

19. Regional responded, "Well, I know that was your boss, Ruben."

20. Regional failed to disclose their identity to Plaintiff.

21. Regional failed to inform Plaintiff that the call was from a debt collector and anything said would be used for the purpose of collecting a debt.

22. Plaintiff felt agitated due to Regional's nondisclosure of its identity, instructed Regional to cease calls to Plaintiff and terminated the call with Regional.

23. After Plaintiff terminated the call, Regional placed approximately eight (8) additional calls to Plaintiff's cellular phone in an attempt to harass Plaintiff into paying the alleged Debt.

24. Then, on May 14, 2012, Regional placed a call to Plaintiff's cellular line in an attempt to collect the alleged Debt.

25. During that call, Regional again failed to disclose their identity to Plaintiff, and that they are a debt collector calling to collect a debt.

26. Plaintiff stated she did not wish to receive any telephone calls from Regional.

27. Regional responded, "Well, when you pay my client $8,500.00 dollars, then we will stop calling!"

28. Regional furthermore failed to tell Plaintiff who the alleged Debt was owed to and kept repeating, "Pay my client their $8,500.00 dollars!"

29. Moreover, Regional placed approximately additional four (4) calls in the same day in an attempt to harass Plaintiff into paying the alleged Debt.

30. Regional placed an excessive and harassing number of telephone calls to Plaintiff after she requested that they stop calling her.

31. Regional failed to send Plaintiff any written correspondence, informing Plaintiff of her rights under federal law, including her right to dispute the alleged Debt.

**C.**     **Plaintiff Suffered Actual Damages**

32. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

33. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

34. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

37. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

38. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

39. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

40. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

41. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

42. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 2, 2012                                LEMBERG & ASSOCIATES, LLC


By: __/s/   Kindra Deneau__
Kindra Deneau

Attorney for Plaintiff
Alice Iseghohimen